JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612-5217
    Telephone:  (510) 637-3929
    Facsimile:   (510) 637-3724
    E-Mail:     Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00682 SBA |
| ) | |
|     Plaintiff, ) | STIPULATION AND ORDER |
| ) | CONTINUING STATUS CONFERENCE |
|     v. ) | AND EXCLUDING TIME |
| ) | |
| TYRONE JOSEPH POLLARD, ) | OAKLAND VENUE |
| ) | |
|     Defendant. ) | |

      Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

      1.     A status conference in this matter is currently scheduled for 9 a.m. on Tuesday, February 26, 2008.

      2.     The parties request that this hearing be continued until 9 a.m. on Tuesday, March 25, 2008, in order to provide defendant's counsel with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter.

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the continuance in order to review soon to be produced electronic and hard copies of police dispatch recordings related to the arrest of defendant by the Oakland Police Department, to further review the evidence in this case, to review and analyze the discovery materials produced (including a recently produced report of an interview with the defendant), investigate the case (including retrieving and review the documents underlying defendant's prior convictions to determine whether or not he is a career offender under the United States Sentencing Guidelines), and develop a motions and/or trial strategy in light of that discovery.  The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from February 26, 2008, to March 25, 2008, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: February 20, 2008         /s/
                                 GARTH HIRE
                                 Assistant United States Attorney

                                 Attorney for United States of America

Dated: February 20, 2008         /s/
                                 JOHN PAUL REICHMUTH

                                 Attorney for Defendant
                                 Tyrone Joseph Pollard

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES.  THEREFORE, IT IS SO FOUND AND ORDERED THAT:

    1.    The currently scheduled February 26, 2008, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on April 1, 2008.

    2.    The time period from February 26, 2008, to March 25, 2008, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.  The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: 2/22/08

HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE