JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

 1301 Clay Street, Suite 340-S
 Oakland, California 94612
 Telephone: (510) 637-3929
 Facsimile: (510) 637-3724
 E-Mail:  Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>  Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TYRONE JOSEPH POLLARD, ) <br> ) <br>  Defendant, ) <br> _____ ) | No. CR 07-00682 SBA <br><br> UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT TYRONE JOSEPH POLLARD <br><br> Hearing Date: June 10, 2008 <br> Hearing Time: 10:00 a.m. |

**I.**

**INTRODUCTION**

  On October 25, 2007, a federal grand jury indicted defendant Tyrone Joseph Pollard ("defendant") for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). The defendant and the government subsequently submitted a plea agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the Court ordered the United States Probation Office (USPO) to prepare a pre-plea presentence investigation report (PSR). A hearing for change of plea and sentencing is currently scheduled for June 10, 2008.

The parties agree that the Court – in the event it accepts the agreement – should sentence defendant to a below-guideline sentence of 70 months imprisonment, four years of supervised release (with conditions to be fixed by the Court), no fine, a $100 special assessment, and no restitution.  In addition, both the plea agreement and the PSR correctly calculate the applicable United States Sentencing Guideline (U.S.S.G.) offense level as 23 and the applicable guideline range as 84-105 months.  The government respectfully requests that this Court accept the plea agreement entered into by the parties and proceed with a change of plea and sentencing of defendant.

## II.

## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | | |
|---|---|---|---|
| Base Offense Level: | 26 | U.S.S.G. § 2D1.1(c)(7) | (at 20 grams but less than 35 grams of crack cocaine) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) | (acceptance of responsibility) |
| **Total** | 23 | | |

## III.

## DISCUSSION OF GUIDELINES CALCULATIONS

**A.**     **U.S.S.G. § 2D1.1(c)(7) (base offense level)**

Defendant admits in the factual basis of the plea agreement (paragraph 2) that he possessed with intent to distribute 29.2 grams of crack cocaine.  Based on defendant's admission, the parties and the USPO are in agreement that defendant's base offense level is 26.  (PSR ¶ 13).

**B.**     **U.S.S.G. § 3E1.1 (Acceptance of Responsibility)**

The government respectfully recommends that the defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, the defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." § 3E1.1(b). Because the defendant intends to plead guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well.

## IV.

## STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. The 70-month sentence agreed to by the parties and recommended by the USPO achieves all of these sentencing goals. Accordingly, a sentence of 70 months imprisonment, four years supervised release, no fine, and a $100 special assessment is therefore reasonable and appropriate.

## V.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court accept the parties' plea agreement, permit defendant to enter a plea of guilty pursuant to that agreement, and adopt the agreement of the parties and determine that defendant's ultimate guideline offense level is 23 and his criminal history category is V. The government further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), that the Court sentence defendant to 70 months imprisonment, a four-year term of supervised release (under the

1  terms and conditions recommended by the USPO), and order defendant to pay a $100 special
2  assessment.
3  DATED: June 3, 2008                              Respectfully submitted,
4                                                  JOSEPH P. RUSSONIELLO
                                                   United States Attorney
5
6                                                        /s/
                                                   GARTH HIRE
7                                                  Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
FOR DEFENDANT TYRONE JOSEPH POLLARD      4